IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JULIO MORALES ROSARIO
NILDA FRAGROSO VALENTIN

    Debtors

CASE NO. 19-02057 (MCF)

CHAPTER 13

## OPINION AND ORDER

The chapter 13 debtors seek to withdraw a claim filed by them on behalf of an unsecured creditor. If allowed by the court, this unsecured creditor will receive nothing in the bankruptcy case and its debt will be discharged upon completion of the plan.  In addition, the Debtors filed a complaint against this creditor to establish that it does not have a valid lien over their property and that its claim be classified as unsecured in the bankruptcy case.

**PROCEDURAL HISTORY**

The Debtors, Julio Morales Rosario and Nilda Fragroso Valentin,  included  Autoridad para el Financiamiento de la Vivienda de Puerto Rico ("AFV") as an unsecured creditor for $116,000.00 in Schedule F (Docket No. 1).  The bar date to file claims was June 24, 2019, for non-governmental units and on October 15, 2019, for governmental units (Docket No. 3). AFV did not file a timely claim.  The Debtors filed a proof of claim on behalf of AFV in the amount of $116,000.00, pursuant to Fed. R. Bankr. P. 3004, on July 11, 2019 (Claim No. 5-1).  The plan was confirmed on September 11, 2019 (Docket No. 34).  On December 5, 2019, the Debtors filed an adversary proceeding against AFV seeking a declaratory judgment that (1) AFV's lien is not valid and (2) that AFV's claim be classified as unsecured in the bankruptcy case (Docket No. 44). On December 16, 2019, the Debtors filed a notice to withdraw Claim No. 5-1 filed on behalf of AFV

-1-

(Docket No. 46). Upon examination of the notice to withdraw claim, the court notes that the Debtors did not notify AFV, rather only notified CM/ECF users, which did not include this creditor. The Debtors gave no reason for the withdrawal of Claim No. 5-1.

A year and half later, on June 4, 2021, AFV opposed the Debtors' notice of withdrawal of Claim No. 5-1, alleging that Fed. R. Bankr. P. 3004 and 3006 do not permit the Debtors' to withdraw the claim. An alternative argument forwarded by AFV is that if the Debtors are granted the relief requested in the adversary proceeding, as to the debt being classified as an unsecured claim in the bankruptcy case; Rule 3002(c)(3) would allow a creditor to file a claim within 30 days after the judgment is entered (Docket No. 71).

The Debtors responded to AFV's opposition by asserting three arguments. First, the court should (a) allow the withdrawal of the claim and/or (b) order the disallowance of the claim, because it was not filed within the time frame allowed by Rule 3004.  Second, the Debtors say that Rule 3006 does not apply because it was the Debtors and not the creditor AFV who filed the claim. Third, the Debtors say that AFV will be unable to file a proof of claim under Rule 3002(c)(2) "since AFV's claim does not arise and/or will not arise from a pending judgment in the pending adversary proceeding no. 19-00463-MCF." (Docket No. 72 at 7).  The Debtors say that AFV's rights were affected by its own actions by failing to file a timely claim and by failing to file its own claim after receiving notice of the filing of Claim No. 5-1 by the Debtors. (Docket No. 72).

**DISCUSSION**

We note that the Debtors did not give notice to AFV of the notice of withdrawal of Claim No. 5-1 in December 2019. Therefore, it is timely to consider AFV's opposition now.

We look at the Debtors' three main arguments.

(1) Timeliness under R. 3004

The Debtors argue that Claim No. 5-1 was untimely filed by them within the time frame allowed by Rule 3004; therefore, its withdrawal should be permitted, or the claim should be disallowed.

Rule 3004 reads as follows –

> If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee.

Fed. R. Bankr. P. 3004.

The Debtors allege that AFV is subject to the October 15, 2019 bar date for governmental units and as such, they filed an untimely claim on its behalf.  The Debtors filed Claim No. 5-1 on July 11, 2019, which is 18 days after the bar date for non-governmental creditors (June 24, 2019). The Debtors assert that to be considered a timely claim, they should have waited until after the

-3-

governmental bar date to file the claim. In essence, the Debtors contends because they filed Claim No. 5-1 prior to the bar date for government claims, their claim is somehow untimely.

However, the Debtors did nothing to remedy the situation. The issue of the timeliness of the claim was not raised by any party and much less, by the Debtors, who had filed the claim. No party objected to the allowance of this claim. In the absence of an objection, it became an allowed proof of claim pursuant to Section 502(a) of the Bankruptcy Code. When the chapter 13 plan was confirmed, ALV's claim was an allowed unsecured claim to be paid pro rata along with any other unsecured claims. At this juncture, even if the Debtor's argument about the timeliness is considered an objection to claim 5-1, the same would be denied as inconsistent with the relief that Debtors sought and received in the adversary proceeding. AFV's Claim 5-1 is to be treated in the bankruptcy case as an unsecured claim.

(2) Withdrawal of Claim under R. 3006

The Debtors admit that Rule 3006 does not allow them to withdraw Claim No. 5-1 as of right. This rule permits a creditor to withdraw claim as of right. Although Debtors voluntarily filed the claim on behalf of AFV, Rule 3006 is inapplicable in this situation.

Rule 3006 reads as follows –

> A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed

-4-

against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to § 705(a) or appointed pursuant to 1102 of the Code. The order of the court shall contain such terms and conditions as the court deems proper. Unless the court orders otherwise, an authorized withdrawal of a claim shall constitute withdrawal of any related acceptance or rejection of a plan.

Fed. R. Bankr. P. 3006 (Emphasis added).

Because Rule 3006 refers only to withdrawal of a claim by a creditor, courts have held that a trustee or debtor may not withdraw a claim that has been filed on behalf of a creditor, pursuant to Rule 3004. In re Renz, 476 B.R. 382, 387 (Bankr. E.D.N.Y. 2012); In re Melton, 194 B.R. 418, 419 (Bankr. E.D. Tex. 1996).

The Debtors agree that Rule 3006 is inapplicable to them because they are not creditors. Therefore, it does not entitle them or serve as a statutory basis to withdraw it. The Debtors have not provided any other legal basis to sustain the withdrawal of Claim No. 5-1.

(3) Filing an Unsecured Claim under R. 3002(c)(3)

The Debtors assert that, in the event they withdraw the claim, AFV will be unable to file a proof of claim under Rule 3002(c)(3) "…since AFV's claim does not arise and/or will not arise from a pending judgment in the pending Adversary Proceeding No. 19-00463-MCF. " (Docket No. 72 at 7).

Rule 3002(c)(3) reads as follows –

> An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

Fed. R. Bankr. P. 3002(c)(3).

We need not decide whether AFV's claim arises from the adversary proceeding because the relief sought by the Debtors involved a certain treatment for AFV's claim in the bankruptcy case. On June 15, 2021, a judgment was entered in the adversary granting both remedies sought by the Debtors (Adv No. 19-00463, Docket No. 37). The Debtors asked for a declaratory judgment that AFV's mortgage lien is invalid and that AFV's Claim No. 5-1 be classified as an unsecured claim in the bankruptcy case. This judgment is firm, final and unappealable. Thus, pursuant to the judgment, AFV's Claim No. 5-1 must not be withdrawn; so that it may be treated as unsecured claim in the bankruptcy case.

In summary, the Debtors have not forwarded any viable legal theory that might allow them to withdraw the claim. On the contrary, we agree with AFV's argument that Rules 3004 and 3006 do not permit the Debtors to withdraw the claim. Furthermore, according to the aforementioned judgment, AFV's Claim is to survive in the bankruptcy case as an unsecured claim.

**ORDER**

For the reasons stated above, once the Debtors filed a claim on behalf of AFV under Rule 3004, there is no statutory basis that allows them to withdraw the claim.  In addition, it seems unreasonable that the Debtors seek to eliminate a debt that is reflected on their schedules; especially since, they asked the court, in the adversary proceeding, to deem it an unsecured claim in the bankruptcy case.

The Debtors' notice to withdraw Claim Number 5-1 is denied (Docket No. 46).  AFV's claim number 5-1 remains as an allowed unsecured claim.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1 day of July 2021.

*Mildred Caban*

Mildred Caban Flores
United States Bankruptcy Judge